RAPHAEL BLOOM, RESPONDENT, v. CITY OF ORANGE, APPELLANT.

Submitted December 6, 1917—Decided March 6, 1918.

An abutting landowner in this state has such special rights in the sidewalk as to permit of his maintaining a vault or cellar under the sidewalk.

---

On appeal from the District Court.

The city of Orange dug a trench across the northerly half of Main street to the northeasterly corner of plaintiff's lot. This trench cut the curb in front of plaintiff's lot, and connected with a hole two feet deep dug by defendant's workmen. The city caused a twelve-inch pipe to be placed along the curb across the trench where it intersected the gutter.

An unusually heavy fall of rain caused a flow of water along the curb so great that the twelve-inch pipe was insufficient to prevent the rain water from flowing into the trench

and hole. The flood of water was so great six or seven times a year that a twelve-inch pipe was not sufficient to carry it off. This was known to the defendant. At the time now in question, the water which the pipe was insufficient to take care of found its way through the front wall of the plaintiff's cellar which, as it existed for the past forty years, extended under the sidewalk within a few inches of the curb line and caused damage to the plaintiff's goods.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellant, *Arthur B. Seymour.*

For the respondent, *Howe & Davis.*

The opinion of the court was delivered by

SWAYZE, J. That an abutting owner has special rights in the sidewalk is settled. *State, Agens,* v. *Mayor, &c., of Newark,* 37 *N. J. L.* 415 (at *p.* 423). These special rights are what justify an assessment for the cost of a sidewalk not limited to special benefits. That among these rights are the right to maintain a vault (or cellar, if we choose to call it so), we think is established by the common custom. If specific judicial authority is necessary, it may be found in a case much like the present. *Allen* v. *City of Boston,* 159 *Mass.* 324; 34 *N. E. Rep.* 519.

Since the plaintiff had the right to maintain a vault, we must assume, in the absence of proof to the contrary, that the vault in question was rightly there. The fact that it had existed for forty years is enough to warrant a finding that the vault was a lawful structure. It has been so held in New York, even where the city owned the fee of the streets. *Deshong* v. *City of New York,* 176 *N. Y.* 475; 68 *N. E. Rep.* 880. The only suggestion against the plaintiff's right was an offer of an ordinance of the city of Orange. This offer was rejected, and we must therefore decide if the ordinance was relevant. It forbids the making or maintenance of any encroachment upon a street. We think that where a vault is

lawful, as in this state, it cannot, as long at least as it is maintained in safe and proper condition, be called an encroachment. An encroachment naturally means something that illegally narrows the street which the municipal authorities may remove. They cannot remove a lawful structure.

That the ordinance was meant only to prevent or abate what might impede public travel is shown by the language of section 2, which forbids the erection or maintenance of any stoop, steps, platform, bay window, cellar door, area, descent into a cellar or basement, post, erection, projection of any kind, obstruction or encumbrance *in, over or upon* a street. By no stretch of language can a vault underneath a sidewalk be said to be in, over or upon a street.

That the city is liable for its acts in attempting to conduct water across an open trench by a pipe too small to carry it, we think is clear under our cases. It is active wrong-doing, the obstruction of the natural flow of water in the gutter by a pipe which by reason of being too small, operates as a dam, so that the excess water flowed into the trench, and in addition the opening of the trench so that the water from the street was conducted to the hole in the sidewalk and thence flowed naturally into the plaintiff's cellar.

It is said the plaintiff ought to have seen to it that his cellar wall was so built as to keep out the water. The answer is that he had no reason to apprehend that the defendant would be guilty of a tort. He might, reasonably, expect the city to adopt the necessary safeguards to prevent such wrongs during its construction work. The same argument was made unsuccessfully in Allen *v.* City of Boston.

The judgment is affirmed, with costs.